UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Zimmer Enterprises, Inc.,**

        **Plaintiff,**

v.                                                              **Case No. 3:06-cv-038**
                                                                                  **Judge Thomas M. Rose**

**Atlandia Imports, Inc., et al.,**

        **Defendants.**

---

**ENTRY AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE.** (DOC. 15).

---

Before the Court is Defendants', Atlandia Imports, Inc., et al. ("Atlandia"), Motion to Dismiss or to Transfer Venue. Doc. 15. This case involves a declaratory judgment action filed by Zimmer Enterprises, Inc. ("Zimmer") in response to a cease and desist letter from Atlandia giving Zimmer notice that its Carson line allegedly appropriated the design and trade dress of Atlandia's Icelandic Design Collection and its infringement of Atlandia's copyrights. After Zimmer filed its initial complaint, but before it filed its amended complaint, Atlandia filed a complaint against Zimmer in the United States District Court for the District of Colorado ("Colorado action"). Doc. 1; Doc. 12; Doc. 15, Exhibit C. Atlandia's complaint in the Colorado action alleges copyright infringement, federal unfair competition, common law unfair competition, deceptive trade practices, misappropriation/infringement of trade dress, conversion, and unjust enrichment. Doc. 15, Exhibit C. Atlandia has moved the Court to dismiss or, in the alternative, to transfer venue to the District

of Colorado.  The Court denies Atlandia's motion to dismiss both because venue is proper in the Southern District of Ohio and because the first-to-file rule does not provide a basis for dismissal. The Court grants its motion to transfer venue because a balancing of the factors weighs in favor of transfer.

**I.    Jurisdiction**

Atlandia first moves the Court to dismiss for improper venue.  If the plaintiff presents a prima facie case that venue is proper, after reading the pleadings and affidavits in the light most favorable to the plaintiff, the defendant's motion will be denied.  *See Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002) (citing *Serras v. First Tennessee Bank Nat'l Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989)).  Zimmer has presented a prima facie case that venue is proper in the Southern District of Ohio because under 28 U.S.C. § 1391(b)(1), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship[1] may . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(a)(1)(West 2006).  "A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Atlandia, a corporation, is subject to personal jurisdiction in the Southern District of Ohio both because it conducts business and because it benefits from business transactions conducted

---

[1]Jurisdiction is not founded solely on diversity of citizenship in this case, rather it is founded on 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338(a).

within the state of Ohio. Doc. 12 ¶ 4. Since Atlandia is subject to personal jurisdiction in the Southern District of Ohio, venue is proper here and Atlandia's motion to dismiss for improper venue is denied.

## II. "First to File" Rule

Pursuant to the first-to-file rule, "when actions involving nearly identical parties and issues are filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Wynne v. Commemorative Air Force*, 2006 U.S. Dist. LEXIS 60980, 4 (S.D. Ohio Aug. 28, 2006) (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assocs.*, 16 F.App'x. 433, 437 (6th Cir.2001)). This rule is a well-established doctrine that encourages comity among federal courts of equal rank. *Id.* The parties contest which suit was actually filed first. Zimmer's original complaint, filed on February 7, 2006, named Atlandia Trading Co. dba Icelandic Designs as defendant. Doc. 1. Atlandia Trading Co., however, is an expired tradename. Thus, Atlandia argues that Zimmer's February 7th complaint is void *ab initio*. Alternatively, Zimmer argues that because the amendment merely changed the naming of the defendant, pursuant to Federal Rule of Civil Procedure 15(c), it relates back to the date of filing its original complaint.

If it is correct that Zimmer's February 7, 2006 complaint is void *ab initio*, Atlandia's complaint in the Colorado action constitutes the "first-filed" case. Atlandia filed its complaint in United States District Court for the District of Colorado on March 16th, 2006 and Zimmer filed its amended complaint, naming Atlandia Imports, Inc., Atlandia's current registered entity, as defendant on March 29, 2006. Doc. 15, Ex. C; Doc. 12-1. Federal Rule of Civil Procedure 15(c)(3) states that,

> An amendment of a pleading relates back to the date of the original pleading when . . .the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision

3

>   (2)[2] is satisfied and, within the period provided by Rule 4(m) for
>   service of the summons and complaint, the party to be brought in by
>   amendment (A) has received such notice of the institution of the
>   action that the party will not be prejudiced in maintaining a defense
>   on the merits, and (B) knew or should have known that, but for a
>   mistake concerning the identity of the proper party, the action would
>   have been brought against the party. Fed. R. Civ. P. 15(c)(3).

Atlandia accepted service of the original complaint at its corporate headquarters and counsel for Atlandia acknowledged the filing. Doc. 8; Doc. 16, Ex. 2 at Ex. G. These facts demonstrate that Atlandia received notice of the institution of the action and knew that, but for a mistake concerning its identity, the action would have been brought against it. Additional evidence for this conclusion is that Atlandia informed Zimmer that it had filed the complaint against an expired tradename and not Atlandia's proper registered entity. Doc. 15, Ex. A-4. This is a case of misnomer of a corporation in a summons, which was neither designed to nor actually did mislead Atlandia. Therefore, pursuant to Federal Rule of Civil Procedure 15(c)(3), Zimmer's amended complaint relates back to the date the original complaint was filed, making the Ohio action first-filed.[3]

"Although the first-to-file rule is generally applied, 'rare or extraordinary circumstances, inequitable conduct, bad faith or forum shopping' could prevent application of the rule." *Wynne*, 2006 U.S. Dist. LEXIS 60980 at *4 (quoting *American Modern Homes Ins. v. Insured Accounts Co.*, 704 F. Supp. 128, 129 (S.D. Ohio 1988)). "A plaintiff, even one who files first, does not have a right

---

[2] Rule 15(c)(2) requires that, "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Here, the claims asserted in the amended complaint are identical to those asserted in the original complaint. Doc. 1; Doc. 12-1.

[3] Zimmer argues that the first-filed rule is concerned with a determination of which of the two courts first acquired jurisdiction, however, "[f]or purposes of the first-to-file chronology, the date that an original complaint is filed controls." *Wynne*, 2006 U.S. Dist. LEXIS 60980 at 4 (quoting *Zide,* 16 F.App'x. at 437).

to bring a declaratory judgment action in the forum of his choosing." *Zide Sport Shop of Ohio*, 16 F.App'x. at 437. Atlandia argues that Zimmer's conduct regarding the filing of this declaratory action was both in bad faith and forum shopping. Doc. 15 at 10. After receiving the cease and desist letter from Atlandia on February 2, 2006, Zimmer requested additional information from Atlandia to assess the claims. Atlandia argues that this was an attempt by Zimmer to buy time because before Zimmer ever received such additional information, Zimmer filed this declaratory action a mere five days after receiving the letter. *Id.* Zimmer knew, based on Atlandia's cease and desist letter, that if a settlement was not reached, Atlandia would seek legal recourse. *Id.* Thus, Atlandia argues that Zimmer engaged in gamesmanship when it made its request for additional information and subsequently filed the declaratory action in an attempt to beat Atlandia to the courthouse. *Id.*

Zimmer, on the other hand, argues that the filing of the declaratory action was proper. Doc. 16 at 4. On Friday February 3, 2006, the same day it received Atlandia's cease and desist letter, Zimmer made a request for additional information, from which it did not receive a response from Atlandia's counsel by Tuesday February 7th. *Id.* at 9-10. Believing that Atlandia was engaging in gamesmanship by failing to provide the additional information it had requested, Zimmer filed this declaratory judgment action on February 7th. *Id.* at 10. Zimmer argues that it had an additional reason for filing the declaratory judgment action; to protect its ability to market and distribute its Carson line of clothing and accessories. Doc. 16 at 9. The Sixth Circuit, in *AmSouth Bank v. Dale*, recognized that a party who wants to embark on a marketing campaign, but has been threatened with suit over trademark infringement, can file a suit seeking a declaratory judgment that it is not infringing that trademark, thereby allowing it to proceed without the fear of incurring further loss. *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004). In this case, Zimmer sought to market

5

and distribute its Carson lines to retailers, and argues that under *AmSouth* the declaratory action was a proper means to protect its ability to do so.[4]

Zimmer's declaratory action does not fall within an exception to the first-to-file rule because it was filed for the purpose of protecting its ability to market and distribute its Carson line to retailers and not an improper anticipatory action filed as a means of forum shopping. Thus, the Ohio action was the first-filed.

The first-to-file rule, however, does not provide a basis to dismiss or to transfer venue. "The first-filed rule does not supersede the inquiry into the balance of convenience under § 1404(a) and a transfer justified under § 1404(a) [may be] proper even if the action to be transferred was filed before a related action was filed in the transferee district." *Societe Generale v. Fla. Health Scis. Ctr., Inc.*, 2003 U.S. Dist. LEXIS 21502, *24 (S.D.N.Y. Dec. 2, 2003). The first-to-file rule is not a trumping factor in the transfer of venue analysis, as both of the parties misconstrue it to be. The United States Supreme Court first established the "first-to-file rule" in *Smith v. McIver*, 22 U.S. (9 Wheat.) 532 (1824)(holding that in fraud cases where the cause has already been tried and determined by a Court of law, a Court of equity cannot take cognisance of the case, unless there be the addition of some equitable circumstance). In 1941, the United States Court of Appeals for the Third Circuit, utilizing language from *Smith* that "'in all cases of concurrent jurisdiction, the Court which first had possession of the subject must decide it.'" *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir. 1941) (quoting *Smith*, 22 U.S. at 535). *Crosley* extended the *Smith* rule

---

[4]Zimmer alleges that, in addition to the cease and desist letter, Atlandia's sales representatives disparaged Zimmer's latest "line" and caused concern to customers that Zimmer's products would not be available to be merchandised in their stores due to a possible impending lawsuit. Doc. 16 at 8, Ex. 3 at ¶ 10.

to cases involving concurrent jurisdiction. *See id.* *Crosley* reversed the denial of a motion for a preliminary injunction to restrain a defendant from proceeding with a suit started but the defendant in another district. 122 F.2d at 926. The Supreme Court, in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), recognized the use of the first-to-file rule as a basis to dismiss a later-filed action. The Ninth Circuit has recognized the first-to-file rule as a basis for transferring a case to a court where an earlier filed case is pending. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The first-to-file rule thus "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc.*, 946 F.2d at 623.

Recently, however, courts have begun to confuse the first-to-file rule with transfer of venue analysis. *See, e.g., Byerson v. Equifax Information Serv., LLC*, 2006 WL 376128, *7 (E.D. Va. Dec. 20, 2006); *Silver Knight Sales & Marketing, Ltd. v. Globex Intern, Inc.*, 2006 WL 3230770, *4 (S.D. Ohio Nov. 6, 2006). They are, however, separate questions, the analysis of which are conducted separately. Therefore a determination that the Ohio action was the first-filed and that none of the exceptions to the first-to-file rule exist, does not preclude the Court from determining that transfer of venue is proper under 28 U.S.C. § 1404(a).

### III. Transfer of Venue under 28 U.S.C. § 1404

#### a. Governing Law

Motions to transfer are governed by 28 U.S.C. § 1404(a), "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). District courts have wide discretion in deciding motions to transfer. *Van Dusen v. Barrack*, 376 U.S. 612 (1964). Before

7

deciding whether or not the "convenience of the parties and witnesses" and "the interest of justice" justify a transfer, courts first determine whether the proposed alternative venues are "district[s] or division[s] where [the action might] have been brought." 28 U.S.C. § 1404(a); see, e.g., *Fox v. Massey-Ferguson*, 1995 WL 307485, *2 (E.D. Mich. Mar. 14, 1994). This requires the court to ask (1) whether the court in the District of Colorado could exercise original jurisdiction over the case; (2) whether that court would have personal jurisdiction of the defendants; and (3) whether venue would be proper in that court. *See Fox*, 1995 WL 307485 at *2 (citing *Schutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3rd Cir. 1970)).

If the action could have been brought in the proposed venues, courts go on to examine whether a transfer would prevent wastes of time, energy and money, as well as whether a transfer would protect the litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen*, 376 U.S. 612. The factors utilized in this second determination are:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991). Once a court analyses these factors, exercise of the Court's discretion to transfer is proper if fairness and practicality strongly favor the forum to which transfer is sought. *Mead Data Central Inc. v. West Pub. Co.*, 679 F. Supp. 1455, 1457 (S.D. Ohio 1987). Although plaintiff's choice of forum is ordinarily entitled to some deference, it should carry less weight in a declaratory judgment action. "A plaintiff brings such an action because it has perceived a threat of suit. Therefore, its posture before the court is more akin to a defendant than an ordinary plaintiff seeking relief." *Societe*

8

*Generale*, 2003 U.S. Dist. LEXIS 21502 at *24.

**b.      Whether the Action Could Have Been Brought in the Proposed Alternate Venue**

Because neither of the parties address the issue and because of the subsequent Colorado action, the Court assumes that the United States District Court for the District of Colorado has original jurisdiction, personal jurisdiction of the defendants, and that venue is proper there.

**c.      Convenience Analysis**

**1.      Convenience of the Parties and Witnesses**

The convenience of the parties and witnesses factor favors transfer.  Zimmer's Carson line is the line of clothing and accessories which is the subject matter of the alleged appropriation of design ideas and trade dress of Atlandia's Icelandic Design Collection.  Five Colorado residents were involved in the design and manufacture of the Icelandic Design Collection.  Doc. 15 at 11.  Zimmer does not inform the Court how many employees are responsible for the review and approval of the design, production and specifications of the Carson line, but indicates that they are located in the Southern District of Ohio.  Doc. 16 at 16.  Both parties argue that because they are small companies, they will be financially impacted by litigating a complicated case in a foreign jurisdiction.  Doc. 21 at 10; Doc. 16 at 18.  Whether the case is transferred or not, employees from either Zimmer or Atlandia are going to have to travel to testify, which will cause both financial and familial hardships.  *Id.*

Many courts have applied or recognized the rule that, upon a motion to change venue the convenience of witnesses who are a party's employees will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses.  *See generally*, 74 A.L.R.2d 16, § 16(b) (2005) and the cases cited therein.

The only non-employee witnesses identified by Zimmer are unnamed independent sales representatives. Atlandia has identified two non-employee witnesses, Deborah Doyle and Shar Fharley-Trill, both former Atlandia employees. Both Ms. Doyle and Ms. Farhley-Trill are Colorado residents. The unnamed and unenumerated sales representatives are located throughout the country, so it is generally just as inconvenient for them to travel to Ohio as it would be for them to travel to Colorado. Thus, this factor weighs in favor of transfer of venue to the District of Colorado.

**2. Ease of Access to Other Sources of Proof**

The ease of access to other sources of proof factor, as acknowledged by the parties, favors neither party. Zimmer's corporate headquarters is located in Dayton, Ohio and Atlandia's headquarters is located in Colorado. Doc. 15 at 12; Doc. 16 at 17. The manufacture and design of both the Carson line and the Icelandic Design Collection will be relevant to this lawsuit. Both companies keep their records in their home states. *Id.* Thus, relevant documents and other evidence will have to be transferred regardless of which court hears the case. Because such evidence is readily movable to any forum, this factor weighs neither for nor against transfer of venue.

**3. Availability of Process to Compel Attendance of Unwilling Witnesses and Cost of Obtaining Willing Witnesses**

The availability of process to compel attendance of unwilling and cost of obtaining willing witnesses factor weighs in favor of transfer of venue to Colorado. Two of Atlandia's key witnesses, Deborah Doyle and Shar Farhley-Trill, are former employees and cannot be compelled to testify at trial in Ohio. Doc. 15 at 12. Ms. Doyle is an important witness because Atlandia alleges that she may have been the source of the alleged knock-off designs to Zimmer. Doc. 15 at 12. If Ms. Doyle was in fact the source of the alleged knock-offs, Atlandia fears that she will be unwilling to voluntarily submit to testifying in Ohio. Ms. Doyle's testimony will be important to Zimmer's

defenses as well.  Doc. 16 at 17.  Compulsory process to compel Ms. Doyle to testify in Ohio is unavailable.  However, because Ms. Doyle is a Colorado resident, she can be subpoenaed in Colorado.  Under Federal Rule of Civil Procedure 45(c)(3)(A)(iii), a court shall:

> modify or quash a subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that . . such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held.  Fed. R. Civ. P. 45(c)(3)(A)(iii).

Zimmer's offer to pay for Ms. Doyle's travel to Ohio and to facilitate her appearance if and when needed, does not solve this problem.  Doc. 16 at 17.  Zimmer cannot compel Ms. Doyle to testify in Ohio, even if it does agree to pay her expenses.  So, transfer of venue to Colorado would be necessary to secure Ms. Doyle's appearance.  Although it is true that there is a lack of compulsory process for Zimmer to compel its employees to testify in Colorado, it is in the position to require the testimony of its employees, whereas neither Atlandia nor Zimmer are in any position to require either Ms. Doyle's or Ms. Farhley-Trill's testimony, if the case is not transferred to Colorado, because neither is a current employee of either party.  The only non-employee witnesses that Zimmer has identified are unnamed independent sales representatives who are located throughout the country.  Doc. 16 at 18.  Zimmer is in a better position to require the testimony of its sales representatives, who are quasi-employees and the relevance of whose testimony is not indicated, than is Atlandia to require the testimony of former employees, whose testimony will likely be highly relevant.

Other courts have recognized, "one key witness may outweigh a great number of less important witnesses." *Bacik v. Peek*, 888 F. Supp 1405, 1415 (N.D. Ohio 1993).  Ms. Doyle, a

11

former employee of Atlandia, and the alleged source of Atlandia's designs for Zimmer, is a key witness in this case. Therefore the availability of process to compel her attendance, in addition to the fact that the District of Colorado is more convenient for Ms. Doyle and other non-employee witnesses, outweighs considerations of the convenience of other (mainly employee) witnesses and the costs of obtaining willing witnesses. Thus, this factor weighs in favor of transfer.

**4.     Practical Problems Associated With Trying the Case Most Expeditiously and Inexpensively**

Again, the parties acknowledge that the practical problems associated with trying the case most expeditiously and inexpensively factor favors neither party. Doc. 16 at 18; Doc. 21 at 10. Both parties are small companies that will be financially impacted by lost work days and the costs associated with having to fly several employees to a foreign jurisdiction to testify. The practical problems associated with transferring documents, records, and other relevant evidence are not significant because such evidence is readily movable. Thus, this factor weighs neither for nor against transfer of venue.

**5.     The Interests of Justice**

The interest of justice has often been an analysis of which of the compared courts are busiest. *See, e.g., Ryer v. Harrisburg Kohl Brothers, Inc.*, 307 F. Supp. 276, 278 (S.D.N.Y. 1969). The chart below shows the District of Colorado as having more filings per judge, but, for whatever reason, disposing of them in a more efficient manner:

|  | D. Ohio | D. Col. |
|---|---|---|
| Per Judge |  |  |
| Total Filings | 383 | 486 |

| | | |
|---|---|---|
| Civil Filings | 297 | 401 |
| Pending Cases | 428 | 370 |
| | | |
| Median Times (Civil) | | |
| Filing to Disposition | 12.6 mos. | 8.8 mos. |
| Filing to Trial | 27.0 mos. | 32.0 mos. |

Since the comparative volume of cases in the two districts weighs in favor of keeping this case here, but the time from filing to disposition and volume of pending cases favors transfer to the District of Colorado, this Court will consider the business of the courts factor as neutral.  However, the Court notes that Zimmer asserted an interest in resolving this matter expeditiously, so as to protect its ability to market and distribute its Carson line, would be better served by transferring venue to the District of Colorado, where the time from filing to disposition is shorter.

**III.    Conclusion**

Because the instant case is a declaratory judgment action the Court will not defer to the plaintiff's choice of forum.  *C.f. Mead Data Central*, 679 F. Supp at 1465.  Transfer of venue to the District of Colorado will do significantly more than merely shift the inconveniences of litigation to Zimmer.  It will provide for a process to compel Ms. Doyle, a key witness for both parties, to appear and testify.  It will also provide for the controversy to be litigated in the forum most convenient to the non-employee witnesses.  None of the factors point towards the Southern District of Ohio.  Considering the above factors, Defendants have shown that fairness and practicality strongly favor venue in the District of Colorado.

Thus, the Defendants' Motion to Transfer Venue is GRANTED.  The instant case is hereby ORDERED transferred to the District of Colorado.  Defendants' Motion to Dismiss is DENIED.

13

It is FURTHER ORDERED that the Clerk of Court shall transfer all papers in this proceeding, together with a certified copy of this Order, to the United States District Court for the District of Colorado; and it is FURTHER ORDERED that the Clerk of Court shall remove this case from the docket of this Court.

DONE and ORDERED in Dayton, Ohio, Wednesday, March 14, 2007.[5]

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[5] The Court acknowledges the valuable contribution and assistance of judicial intern Jacklyn D. Knuckles in drafting this opinion.